**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SARAH DAVIDSON,** )<br>)<br>    **Plaintiff.** )<br>)<br>vs. )<br>)<br>**GREENWICH INSURANCE** )<br>**COMPANY, a foreign insurance** )<br>**company, AUTOMOBILE** )<br>**PROTECTION CORPORATION, a** )<br>**foreign company related to insurance,** )<br>**and WARRANTY SUPPORT** )<br>**SERVICES, LLC, a foreign insurance** )<br>**company,** )<br>)<br>    **Defendants.** ) | Case No. 07-CV-451-TCK-TLW |

## OPINION AND ORDER

Before the Court is Defendant Warranty Support Services' ("WSS") Motion to Compel Arbitration (Doc. 15).

**I.    Background**

Plaintiff Sarah Davidson ("Plaintiff") purchased a 2002 Oldsmobile Intrigue ("Vehicle") from Riverside Chevrolet in Tulsa, Oklahoma in October 2005. Along with the purchase of the Vehicle, Plaintiff entered into a Vehicle Service Contract ("Contract") wherein, in consideration for a one-time payment by Plaintiff, WSS agreed to reimburse Plaintiff for certain mechanical breakdowns and failures of the Vehicle for a period of twelve months.[1] Four levels of coverage were available through the Contract, and Plaintiff maintains that she purchased "Stated" coverage.

---

[1] According to Plaintiff's Complaint, Defendant Greenwich Insurance Company ("GIC") guaranteed all obligations under the Contract, and Defendant Automobile Protection Corporation ("APC") administered claims made pursuant to the Contract. Plaintiff alleges that WSS and APC were acting as agents of GIC. (*See* Pl.'s Compl. ¶ 12.)

Subsequent to her purchase of the Vehicle, Plaintiff applied for reimbursement from WSS under the Contract, which was denied. According to Plaintiff, this denial was "ostensibly based on a conclusion that [Plaintiff] ha[d] purchased [the lower level] "Primary" coverage, not "Stated" coverage." (Pl.'s Compl. ¶ 13.) Plaintiff's Complaint alleges that to justify their denial, Defendants produced a forged document purporting to show that Plaintiff chose "Primary" coverage. Plaintiff filed suit against WSS and other parties[2] in Tulsa County on March 7, 2006 ("State Court Litigation"), asserting claims against WSS for: (1) violation of the Oklahoma Consumer Protection Act; (2) fraud/deceit; (3) breach of contract/breach of warranty; (4) violation of the Magnuson-Moss Warranty Act; and (5) bad faith breach of an insurance contract.

On June 12, 2006, WSS filed a Motion to Compel Arbitration in the State Court Litigation, arguing that (1) the Contract contained a binding arbitration provision, and (2) the Contract did not constitute an insurance contract, rendering Oklahoma's prohibition from referring insurance contracts to arbitration inapplicable (citing Okla. Stat. tit. 15, § 802A, which states that the Oklahoma Uniform Arbitration Act ("OUAA") "shall not apply to . . . contracts with reference to insurance").[3] (*See* Parties' Briefing on State Court Mot. to Compel Arbitration, Ex. E to WSS's Mot. to Compel Arbitration.) After the parties completed briefing on this issue, the Honorable Rebecca B. Nightingale ("Judge Nightingale") entered an Order granting WSS's Motion to Compel Arbitration on September 19, 2006 ("State Court Order"). The State Court Order provides:

---

[2] Plaintiff also filed suit against Sonic Automotive, Inc. d/b/a Riverside Chevrolet and Doug Davis. (*See* State Court Petition, Ex. C to WSS's Mot. to Compel Arbitration.)

[3] This version of the OUAA was repealed by the Oklahoma Legislature and replaced by a revised version, currently found in Okla. Stat. tit. 12, § 1851, *et seq.* The revised version also states that "[t]he Uniform Arbitration Act shall not apply to . . . contracts which reference insurance." Okla. Stat. tit. 12, § 1855(D).

2

> IT IS THEREFORE ORDERED that the contract between [WSS] and [Plaintiff] contains a clear and conspicuous provision requiring the parties to participate in arbitration to resolve disputes.
>
> IT IS THEREFORE ORDERED that the contract between [WSS and Plaintiff] is not an insurance contract.
>
> IT IS THEREFORE ORDERED that all disputes between [WSS] and [Plaintiff] are compelled to arbitration pursuant to the [Contract].

(State Court Order, Ex. F to WSS's Mot. to Compel Arbitration.)  Plaintiff dismissed her claims against Sonic Automotive, Inc. and Doug Davis with prejudice on June 22, 2007.  Thereafter, on August 13, 2007, Plaintiff dismissed her claims against WSS without prejudice.  (Dismissal, Ex. G to WSS's Mot. to Compel Arbitration.)  The State Court Order compelling Plaintiff's claims against WSS to arbitration was never appealed.[4]

Plaintiff subsequently initiated suit in this Court, alleging claims against Defendants for fraud/deceit, breach of contract, and bad faith breach of an insurance contract.  WSS has once again moved to compel Plaintiff's claims against it to arbitration, first arguing that, given the State Court Order, the doctrine of issue preclusion mandates arbitration.  In the event the Court declines to apply the doctrine of issue preclusion, WSS alternatively argues that (1) the Contract requires WSS and Plaintiff to arbitrate this dispute, and (2) arbitration is permitted under the OUAA because the Contract is not an insurance contract.

**II.    Issue Preclusion Analysis**

According to WSS, issue preclusion applies because the claims asserted by Plaintiff in this action are nearly identical to those in the State Court Litigation, which were compelled to arbitration by Judge Nightingale.  Because this Court sits in diversity jurisdiction, the Court looks to Oklahoma

---

[4] Plaintiff and WSS failed to provide the Court with information regarding whether they completed arbitration and the result of any such arbitration proceedings.

3

state law on issue preclusion. *See LeFleur v. Teen Help*, 342 F.3d 1145, 1150 (10th Cir. 2003) (applying Utah state law on issue preclusion in diversity action). However, as noted by the Tench Circuit, Oklahoma law and federal law on issue preclusion are the same, rendering both instructive in this matter. *See Robinson v. Volkswagenwerk AG,* 56 F.3d 1268, 1273 n.3 (10th Cir. 1995). The doctrine of issue preclusion prevents relitigation of an issue decided in a prior action. *See Spradling v. City of Tulsa*, 198 F.3d 1219, 1222 (10th Cir. 2000). In order for issue preclusion to apply, a party must show that (1) the issue previously decided is identical with the one presented in the instant action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom estoppel is invoked was a party or in privity with a party in the prior action; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue. *See Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009); *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).

Plaintiff asserts two arguments in an attempt to show that the arbitrability of her claims against WSS falls outside the parameters of issue preclusion. Plaintiff first argues that the State Court Order does not meet the "finality" requirement of issue preclusion.[5] Second, Plaintiff argues that WSS is unable to demonstrate the first element of issue preclusion because Judge Nightingale did not find that the contract between WSS and Plaintiff "related" to the business of insurance but instead held that the contract "[wa]s not an insurance contract." (State Court Order, Ex. F to WSS's Mot. to Compel Arbitration.)

### A.     Finality Requirement

According to Plaintiff, the State Court Order is not sufficiently "final" for the purposes of issue preclusion because it was interlocutory, unappealable, and was not "fully and fairly

---

[5] It is unclear to the Court as to which specific element Plaintiff is referring to in this first argument.

adjudicated in the district court." (Pl.'s Resp. to WSS's Mot. to Compel Arbitration 4.) As explained by the Oklahoma Supreme Court, however, "finality" in the context of "issue preclusion is a much more flexible concept than that 'finality' which is required in the assessment of a district court order's appealability or res-judicata effect." *Cities Serv. Co. v. Gulf Oil Corp.*, 980 P.2d 116, 127 (Okla. 1999).

> It does not equate with a judgment which ends the litigation and leaves nothing more for the court to do except execute the judgment. Rather, an order's finality for issue-preclusion purposes is assessed by determining whether the *conclusion in question is procedurally definite*. Particularly relevant to the latter decision are such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review.

*Id.* (internal citations omitted); *see B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1301 (10th Cir. 2008) ("To invoke issue preclusion, 'there need not be a prior adjudication on the merits (as is often the case with res judicata) but only a final determination of a material issue common to both cases.'") (citing *Okla. Dept. of Pub. Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007)).

Applying this standard, the Court finds that the State Court Order was sufficiently "final" for the purposes of applying issue preclusion. The issue of the arbitrability of Plaintiff's claims against WSS was fully briefed by the parties and submitted to Judge Nightingale for determination. In fact, with the exception of WSS's issue preclusion argument, the arguments made before Judge Nightingale are the same as those presented to the Court in this case. Further, there is nothing in Judge Nightingale's Order which suggests that it was intended to be tentative or indefinite. The State Court Order instead clearly finds that (1) the Contract contains a "clear and conspicuous provision" requiring arbitration, (2) the Contract is not an insurance contract, and (3) all disputes between WSS and Plaintiff should be compelled to arbitration. Judge Nightingale's Order precluded Plaintiff from proceeding against WSS in the State Court Litigation and was never appealed by

Plaintiff, amounting to a final determination as to Plaintiff's claims against WSS. For these reasons, the Court finds the State Court Order sufficiently "final" for purposes of issue preclusion.[6][7]

### B.   Identity of Issues

Second, Plaintiff argues that the doctrine of issue preclusion is inapplicable because "the state court action never actually adjudicated the issue of whether [the Contract] relates to the business of insurance." (Pl.'s Resp. to WSS's Mot. to Compel Arbitration 4.) Instead, Plaintiff contends that Judge Nightingale merely held that the Contract was "not an insurance contract." (State Court Order, Ex. F to WSS's Mot. to Compel Arbitration.) Therefore, according to Plaintiff, because the State Court Order did not make a finding as to whether the Contract "relates" to insurance, there is no identity of issues between the State Court Litigation and this matter.

Plaintiff's argument unnecessarily splits hairs in an attempt to distinguish the State Court Order. Although Plaintiff is correct that Judge Nightingale phrased her finding in terms of whether the Contract constituted an insurance contract, the briefing before the state court indicates that the issue before Judge Nightingale was precisely the issue to be determined by this Court – namely, whether the nature of the Contract renders the OUAA inapplicable to any claims made pursuant to

---

[6] The Court also notes that by dismissing the State Court Litigation and refiling the case before this Court, Plaintiff is attempting to reargue issues previously determined by Judge Nightingale. Such action contravenes the policy goals advanced by issue preclusion – namely, relief from the cost of multiple lawsuits, the conservation of judicial resources, and the prevention of inconsistent decisions. *See Miller v. Miller*, 956 P.2d 887, 897 (Okla. 1998) (outlining purposes of issue preclusion).

[7] The Court is not persuaded by Plaintiff's reliance on *Community State Bank v. Strong*, 485 F.3d 597, 613 (11th Cir. 2007) and *Communication Workers of America, ALF-CIO v. American Telephone and Telegraph Company*, 932 F.2d 199 (3d Cir. 1991). In both cases, it appears that the state court order at issue did not have preclusive effect because the time to appeal had not yet expired, and such is not the situation in this case.

it. The Court is unwilling to ignore this reality because of the manner in which Judge Nightingale phrased her Order.[8]

### III. Conclusion

For the reasons stated herein, WSS's Motion to Compel Arbitration (Doc. 15) is GRANTED, and Plaintiff's claims against WSS are hereby compelled to arbitration. Further, the stay is hereby lifted in this matter. Plaintiff's Motion to Lift Stay (Doc. 26), wherein Plaintiff seeks to lift the stay prior to the Court's determination as to WSS's Motion to Compel Arbitration, is therefore DENIED AS MOOT.

**IT IS SO ORDERED this 29th day of September, 2009.**

**Honorable Terence Kern**
**United States District Judge**

---

[8] Because the Court finds the doctrine of issue preclusion applicable, it need not address WSS's alternative arguments in favor of arbitration.